# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1783 | DATE | AUG 3 1 2000 |
| CASE TITLE | Thomas v. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion for costs and fees [Doc. 15-1] is granted in part and denied in part. Plaintiffs are awarded $7,032.00 in attorneys' fees.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 1 2000 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 AUG 31 PM 5:54 | |
| dc(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAREN THOMAS and WINDY CITY HEMP DEVELOPMENT BOARD, an Illinois Not For Profit Corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF CHICAGO, an Illinois Municipal Corporation, )<br><br>Defendant. ) | No. 00 C 1783<br><br>HONORABLE DAVID H. COAR |

DOCKETED
SEP 0 1 2000

## MEMORANDUM OPINION AND ORDER

Caren Thomas ("Thomas") and the Windy City Hemp Development Board (collectively, "plaintiffs") filed a civil rights action under 42 U.S.C. § 1983 against the City of Chicago ("City"). Plaintiffs sought declaratory and injunctive relief with respect to the City's refusal to grant plaintiffs a parade permit. Ultimately, plaintiffs reached a settlement with the City. The court dismissed as moot plaintiff's motion for preliminary injunction and subsequently dismissed the case. Before this court is the plaintiffs' motion for costs and fees. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

### I. Factual Background

On January 25, 2000, plaintiffs applied for a permit to parade through the City's central business district. The City denied plaintiffs' application and rejected plaintiffs' proposed parade

route. In the alternative, the City suggested an alternate route that was geographically unworkable. Despite plaintiff Thomas' repeated attempts to negotiate a mutually agreeable parade route, the City showed no interest in further discussions.

On March 23, plaintiffs filed the instant suit, seeking declaratory and injunctive relief against the City. Plaintiffs sought a preliminary injunction against the City. After exchanging proposals, the parties reached a settlement, whereby the plaintiffs were permitted to parade through the business district. On April 28, 2000, in light of the parties' agreed order, this court denied the plaintiffs' motion for preliminary injunction as moot. On May 15, 2000, the court closed the case.

Plaintiffs filed the instant motion for costs and fees on July 27, 2000. The City has not filed an answer brief.

## II. Discussion

Plaintiffs seek an award of costs and fees totaling $9,998.90. Section 1988 of Title 42, 42 U.S.C. § 1988, permits a court to award reasonable attorney's fees to "prevailing parties" in federal civil rights actions. A party is deemed to have prevailed if it "succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Lovell v. City of Kankakee, 783 F.2d 95, 96 (7th Cir. 1986) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). As long as the plaintiff "vindicated his or her rights," the plaintiff is considered a "prevailing party." Illinois Welfare Rights Org. v. Miller, 723 F.2d 564, 566 (7th Cir. 1983).

Settlement of a case prior to formal adjudication on the merits does not bar recovery of fees. Lovell, 783 F.2d at 96. Rather, where the case is resolved by settlement, the plaintiff qualifies as a "prevailing party" for purposes of § 1988 where: (1) the plaintiff's lawsuit is casually linked to the achievement of the relief obtained, and (2) the defendant did not act gratuitously, that is, the plaintiff's claim was not frivolous, unreasonable, or groundless. Lovell, 783 F.2d at 97; Miller, 723 F.2d at 566. See also Charles Alan Wright, et al., Federal Practice and Procedure § 2667 (1998) (stating that the test is whether the plaintiff "gained some benefit, either directly or indirectly, from the litigation").

The court finds that plaintiffs are the prevailing party in this case. The City was unwilling to negotiate the issuance of a parade permit through the central business district, much less issue such a permit, until the plaintiffs filed suit. In the end, the plaintiffs were permitted to follow a route substantially similar to the one they had initially proposed. Plaintiffs' lawsuit not only "played a provocative role in obtaining relief," but the relief obtained was significant. Lovell, 783 F.2d at 97 (quoting Harrington v. DeVito, 656 F.2d 264, 267 (7th Cir. 1981), cert. denied, 455 U.S. 993, 102 S. Ct. 1621, 71 L. Ed. 2d 854 (1982)). In addition, there is to question that plaintiff's action was substantive and reasonable. Therefore, plaintiffs are entitled to fees under § 1988.

The amount of fees sought must be reasonable. The fee applicant bears the burden of demonstrating that the hours expended on a matter were appropriate and that the hourly rates charged is reasonable. See Spegon v. Catholic Bishop of Chicago, 989 F. Supp. 984, 988 (N.D. Ill. 1998) (citing Hensley, 461 U.S. at 437, 103 S. Ct. at 1941). In addition to reasonableness, a

fee award is limited by considerations of necessity. Put differently, hours that are excessive, redundant, or otherwise unnecessary will be excluded from a fee award. Id.

The lodestar figure, which equals the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate, provides an "objective basis by which to value a lawyer's services." Id. The court finds that the hourly rates charged by the plaintiffs' attorneys were appropriate for their experience and expertise in light of the prevailing market rates. However, the total number of hours billed to this case will be reduced to the extent that they are unreasonable or excessive. First, the four hours billed by counsel for participating in the parade will be deducted from the fee award. The same goes for the claimed $41.90 in costs expended on travel to and photos of the parade. Counsel's involvement in the parade in his legal capacity, and certainly the claimed travel and photo expenses cannot be deemed necessary for purposes of litigation.

Moreover, the nearly 50 hours billed to this case will be reduced because the attorneys have failed to substantiate the hours expended in a satisfactory manner. Billing entries must be sufficiently detailed to enable the court to determine whether the time was reasonablely expended. Plaintiffs attorneys' time entries clump together multiple tasks into one entry, rendering impossible a reasonableness determination. For example, on April 27, counsel billed five hours for making eight telephone calls and reviewing several letters. The entries do not indicate the length of time spent on each task, much less the subject matters addressed by these correspondences. As a result, the court is unable to ascertain the reasonableness of not only the five hours billed on April 27, but the numerous other entries that suffer from the same ambiguities. See, e.g., Billing Entries 3/21 (6.0 hrs.), 3/22 (2.0 hrs.), 4/4 (2.0 hrs.), 4/17 (1.5

hrs.), 4/25 (1.5 hrs), 4/26 (3.75 hrs), 4/28 (3.0 hrs), 5/15 (1.75 hrs). The court accordingly will reduce the plaintiffs' fee award by $2025.00.[1] See Ingram v. Jones, 46 F. Supp. 2d 795, 799n.10 (discouraging the practice of "clumping" entries); Chicago Tribune Co. v. U.S. Dept. of Health and Human Serv., 70 F. Supp. 2d 832, 838 (N.D. Ill. 1998) (deducting fee award for time entries "too vaguely described to support the time billed").

### III. Conclusion

For the foregoing reasons, plaintiffs' motion for costs and fees is granted in part and denied in part. Plaintiffs are awarded $7,032.00 in attorneys' fees.

**Enter:**

*/s/ David H. Coar*

**David H. Coar**

**United States District Judge**

Dated: **AUG 3 1 2000**

---

[1] This amount was calculated by multiplying nine hours, which roughly equals a third of the total hours clumped together, by senior attorney Wayne Giampietro's rate of $225.00. With the exception of two entries, the clumped entries were billed by Mr. Giampietro.

-5-